IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NORMAN NOWLIN                                                                                               PLAINTIFF

v.                          Civil No. 5:23-cv-05060-TLB-CDC

KYLE SYLVESTER, Circuit
Clerk, Washington County                                                           DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Norman Nowlin ("Nowlin"), filed this civil rights action pursuant to 42 U.S.C. § 1983. Nowlin contends the Defendant, Circuit Court Clerk Kyle Sylvester, violated his federal constitutional rights by failing to provide transcripts and certified copies of certain documents from his state criminal case.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

**I.    BACKGROUND**

In *State v. Nowlin,* 72CR-09-1229A, Nowlin was charged with two counts of rape and two counts of sexual assault in the second degree.[1] On October 19, 2009, Nowlin plead guilty to one count of rape and one count of sexual assault in the second degree. *Id.* He was sentenced to a term of imprisonment in the Arkansas Division of Correction of 360 months on the rape charge

---

[1] The docket sheet is publicly available at Arkansas Case Information. https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?back_to=P&case_id=72CR-09-1229A&begin_date=&end_date= (accessed June 2, 2023).

and 180 months on the sexual assault charge. *Id.*

Nowlin is currently incarcerated in the North Central Unit of the Arkansas Division of Correction. Nowlin contends he needs transcripts and other documents to file (presumably a habeas petition) in federal court to establish his actual innocence. (ECF No. 12 at 4). Nowlin asserts he has been trying to obtain this paperwork for ten years. *Id.* In October of 2022, Nowlin states he sent a motion for a copy of all transcripts and a motion for a copy of all discovery requests. *Id.* at 4-5. These motions were accompanied by an IFP application. *Id.* Nowlin says he has written to both the Defendant and the judge numerous times with no response. *Id.* The docket sheet in 72CR-09-1229A reflects these motions were denied by order entered on January 11, 2023.

In December of 2022, Nowlin attempted to file a petition for a writ of mandamus with the Arkansas Supreme Court. (ECF No. 12 at 5). The Criminal Justice Coordinator for the Arkansas Supreme Court noted that the criminal docket showed Nowlin filed a Motion for Transcripts and a Motion for Discovery on October 20, 2022. *Id.* However, the copies of these documents Nowlin attempted to submit to the Arkansas Supreme Court were not certified. *Id.* Nowlin states he was informed his petition would be filed when he provided a certified copy of (1) the judgment, (2) the motion for discovery, and (3) the motion for transcripts. *Id.* at 6. Nowlin states he wrote the Circuit Court and requested certified documents and enclosed a copy of the letter from the Criminal Justice Coordinator. *Id.*

On February 9, 2023, the criminal docket sheet shows Nowlin filed a document entitled "caveat." Nowlin indicates the caveat was filed against Circuit Judge Mark Lindsay and the Defendant, Circuit Court Clerk Kyle Sylvester. (ECF No. 12 at 6). The caveat gave the defendants thirty days to respond on a "point for point basis or become defaulted for their failure

to respond." *Id.* at 7.  When the thirty days passed with no response, Nowlin sent the "a second notice granting them (30) additional days to respond to the caveat." *Id.*  Nowlin says he has still received no response.  *Id.*  Nowlin contends Defendant has denied him access to the courts.  *Id.* at 4-8.

Nowlin next contends he possesses an absolute constitutional right to a copy of the transcripts.  (ECF No. 12 at 9).  Nowlin maintains that "[t]he circuit clerk has refused to supply [him] with a copy of the transcripts with deliberate indifference under color of law."  *Id.*  As these documents are necessary for him to seek relief in federal court, Nowlin asserts Defendant "is blocking him from showing his actual innocence of the crime."  *Id.*  Nowlin claims he "was threatened and induced into pleading guilty to crimes he is actually innocen[t] of."  *Id.* at 12.

Nowlin seeks both compensatory damages and injunctive relief.  (ECF No. 12 at 13). Specifically, he requests the Court to order Defendant to provide him with copies of his full and complete transcripts of all hearings as well as a copy of "all other documents."  *Id.*

## II.  LEGAL STANDARD

On initial review, the Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer*

3

*v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

#### A.   Quasi-Judicial Immunity

The doctrine of quasi-judicial immunity extends judicial immunity "to officials other than judges . . . because their judgments are functionally comparable to those of judges—that is, because they to exercise a discretionary judgment as part of their function."  *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 436 (1993).  "For court clerks, absolute immunity has been extended to acts that are discretionary, taken at the direction of a judge, or taken according to court rules."  *Hamilton v. City of Hayti, Mo.,* 948 F.3d 921, 928 (8th Cir. 2020)(citing *Antoine,* 508 U.S. at 436).  *Boyer v. Cnty. of Washington,* 971 F.2d 100, 102 (8th Cir. 1992)( "Court clerks have quasi-judicial immunity for damages for civil rights violations when they perform tasks that are an integral part

of the judicial process, unless the clerks acted in the clear absence of all jurisdiction.")(cleaned up).

In this case, Nowlin's motion for transcripts was denied by order of the state court judge.[2] Clearly, Defendant was complying with the state court judge's order in denying (or not providing) Nowlin with free transcripts. Defendant is entitled to dismissal of the "free transcript claim" because of quasi-judicial immunity.

While the state court docket does not reflect that Nowlin filed a motion for certified copies of the documents specified by the justice coordinator, Nowlin alleges he wrote Defendant requesting the certified copies and enclosed the letter from Criminal Justice Coordinator. The provision of certified copies of documents would appear to be a ministerial rather than a discretionary act. A clerk is not entitled to quasi-judicial immunity for ministerial acts. *See Maness v. Dist. Ct. of Logan Cnty.-N. Div.,* 495 F.3d 943, 945 (8th Cir. 2007)(citing *Antoine,* 508 U.S. at 436-37). Nowlin has alleged a plausible denial of access to the Courts claim as he was unable to file his petition for a writ of mandamus with the Arkansas Supreme Court.

### B. Eleventh Amendment Immunity

Nowlin's official capacity claims for damages against Defendant are barred by the Eleventh Amendment. The Eleventh Amendment bars claims for damages by private parties against a state. *See e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 618-19 (8th Cir. 1995); *see also Fryberger v. Univ. of Ark.,* 889 F.3d 471, 473 (8th Cir. 2018)(Eleventh Amendment establishes that "an unconsenting State is immune from suits brought in federal courts by her own

---

[2] In certain circumstances, the state must provide indigent defendants with transcripts. *See e.g., Griffin v. People of the State of Illinois,* 351 U.S. 12, 19 (1956)("[d]estitute defendants must be afforded as adequate appellate review as defendants who have enough money to buy transcripts").

citizens as well as by citizens of another state"). An official capacity claim against government officials is the equivalent of a claim against the entity itself. *Hafer v. Melo,* 502 U.S. 21, 25 (1991)("Suits against state officials in their official capacity . . . should be treated as suits against the State"). Thus, county court clerks sued in their official capacities are shielded by Eleventh Amendment immunity from claims for damages or injunctive relief for past constitutional violations. *Knight v. Chatelain,* Case No. 8:19cv206, 2019 WL 2464789, *4 (D. Neb. June 13, 2019).

The Court recognizes there are circumstances in which a state official, in his or her official capacity, may be sued for prospective injunctive relief. *See e.g., Monroe v. Arkansas State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007). This may be one such circumstance.

### IV.   CONCLUSION

For these reasons, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), it is recommended that:

- Nowlin's claims that Defendant violated the Constitution by denying him free transcripts be dismissed as Circuit Clerk Sylvester is entitled to quasi-judicial immunity and Eleventh Amendment immunity; and

- Nowlin's claims for damages be dismissed based on Eleventh Amendment immunity.

By separate order Defendant will be served with Nowlin's "certified documents claim" for prospective injunctive relief.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  **DATED** this 23rd day of June 2023.

             *Christy Comstock*
             CHRISTY COMSTOCK
             UNITED STATES MAGISTRATE JUDGE